IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01837-PAB-MEH

STEPHEN SUSINKA,

    Plaintiff,

v.

A. TRUJILLO,
J. WILCOX,
FEDERAL BUREAU OF PRISONS, and
UNITED STATES OF AMERICA,

    Defendants.

---

## ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 50]. Plaintiff represents that his facility is on a "strict modified 22 hour-a-day lockdown" and that the facility was previously on a five-week "total lockdown." Docket No. 48 at 2. Plaintiff states that he has "zero law library access." *Id.* at 3. As a result, plaintiff requests a sixty-day extension to respond to the pending motion to dismiss and motion for summary judgment. *Id.* Defendants did not respond to plaintiff's extension request.

The magistrate judge recommends administratively closing the case until plaintiff is able to fully participate in the litigation or, alternatively, granting plaintiff's request for a sixty-day extension. Docket No. 50 at 1–2 & n.1. Plaintiff objects to the magistrate judge's recommendation for administrative closure. Docket No. 51 at 2–4. Plaintiff asserts that once the "current incident" causing the lockdown is "cleared," plaintiff's "law

library time" will be supplemented based on proof of a case deadline. *Id.* at 2. Although not entirely clear, plaintiff appears to indicate that, without a firm deadline to respond to the motions, which plaintiff would not have in the event of an administrative closure, plaintiff's law library time will not be supplemented. Defendants responded to the objection, indicating that they take no position on it. Docket No. 52 at 1. If the Court rejects the recommendation to administratively close the case, defendants do not oppose plaintiff's request for an extension of time. *Id.* at 1–2.

Generally, district courts review magistrate judges' orders regarding non-dispositive motions under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently. *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). A district court must affirm a magistrate judge's decision unless, "on the entire evidence[,the district court] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). This Court has considered recommendations for administrative closure to be non-dispositive. *See, e.g.*, *Vreeland v. Huss*, No. 18-cv-0303-PAB-SKC, 2022 WL 833369, at *1 (D. Colo. Mar. 21, 2022) ("The Court will review the recommendation that the case be closed for clear error based on defendant's objection.").

The Court does not find that the magistrate judge clearly erred in recommending that plaintiff's case be administratively closed until plaintiff "regains his ability to fully

participate in the litigation through adequate law library access and access to other, necessary materials." *See* Docket No. 50 at 1.  However, plaintiff did not mention the necessity of having a filing deadline in his extension request, *see generally* Docket No. 48, which precluded the magistrate judge from considering that issue.  Although plaintiff would have a firm deadline to respond to any refiled dispositive motions once the lockdown is lifted and the case is reopened, the Court appreciates that an administrative closure of plaintiff's case, which would terminate pending motions, *see Vreeland*, 2022 WL 833369, at *1 (citing D.C.COLO.LCivR 41.2), may impair plaintiff's ability to regain adequate law library access.  Accordingly, the Court will sustain plaintiff's objection and will accept the magistrate judge's alternative recommendation of granting plaintiff's sixty-day extension request.[1]

Wherefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 50] is **ACCEPTED in part** and **REJECTED in part**.  It is further

**ORDERED** that Plaintiff's Reply to Magistrate's Recommendation [R. 50] [Docket No. 51], construed as an objection to the recommendation, is **SUSTAINED**.  It is further

**ORDERED** that Plaintiff's Motion for Extension [Docket No. 48] is **GRANTED**.  It is further

---

[1] On August 10, 2022, the Court docketed a notice from plaintiff that he was in the process of drafting his response and had completed certain portions of it.  Docket No. 55 at 2-3.  However, lockdowns prevented him from securing certain materials necessary to completing his response.  *Id.* at 4.  Plaintiff estimates that he will be able to complete his response "within the next 30-60 days" and that administrative closure would be moot because he would then move to re-open the case.  *Id.* at 4-5.  This filing further supports the Court's conclusion that an extension of time, rather than an administrative closure, is proper in this case.

**ORDERED** that plaintiff's response to Defendants' Motion to Dismiss Amended Complaint [Docket No. 44] and Defendants' Motion for Partial Summary Judgment [Docket No. 45] are due on or before September 16, 2022.

DATED August 19, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge