IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01837-PAB-MEH

STEPHEN SUSINKA,

     Plaintiff,

v.

A. TRUJILLO,
J. WILCOX,
FEDERAL BUREAU OF PRISONS, and,
UNITED STATES OF AMERICA,

     Defendants.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 78]. The recommendation addresses Defendants' Motion to Dismiss Amended Complaint [Docket No. 44] and Defendants' Motion for Partial Summary Judgment [Docket No. 45]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

The facts are set forth in the magistrate judge's recommendation, Docket No. 78 at 2-5, and the Court adopts them for the purpose of ruling on the objections. Plaintiff Stephen Susinka, a federal inmate, asserts fourteen claims against the Federal Bureau of Prisons ("BOP"); two BOP correctional officers, A. Trujillo and J. Wilcox; and the United States of America. *See generally* Docket No. 39. Mr. Susinka asserts claims arising from his incarceration at the BOP facility in Florence, Colorado under the

Federal Tort Claims Act ("FTCA"), the Administrative Procedures Act ("APA"), and the First and Eighth Amendments of the United States Constitution.[1]  *Id*. at 8, 25-32. Defendants move to dismiss Mr. Susinka's amended complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Docket No. 44 at 1.  Defendants also move for partial summary judgment to dismiss the seventh claim for failure to exhaust administrative remedies. Docket No. 45 at 1.  On December 19, 2022, Magistrate Judge Michael E. Hegarty issued a recommendation on the motions.  Docket No. 78.  Mr. Susinka requested an extension of time to file an objection to the recommendation, Docket No. 79 at 1, which the Court granted.  Docket No. 80.  On February 7, 2023, Mr. Susinka filed an objection to the recommendation.  Docket No. 81.  Defendants responded to the objection. Docket No. 82.

## II.  LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*").  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It

---

[1] The amended complaint asserts that the basis for jurisdiction for the constitutional claims is *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *Id*. at 3.

does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).  Because Mr. Susinka is proceeding *pro se*, the Court will construe his objections and pleadings liberally without serving as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

The magistrate judge recommends that defendants' motion for partial summary judgment be granted and that defendants' motion to dismiss be granted in part and denied in part.  Docket No. 78 at 1.  Mr. Susinka objects to the dismissal of his FTCA claims for negligent monitoring of his hunger strike (claim 6) and negligent prolonged confinement in the Special Housing Unit ("SHU") (claim 12); his Eighth Amendment excessive force claim under *Bivens* (claim 1); and his Eighth Amendment deliberate indifference claim under *Bivens* (claim 7).  Docket No. 81 at 1-16.

### A.  <u>Claim 6</u>

Mr. Susinka's sixth claim under the FTCA alleges that the government was negligent in not monitoring his hunger strike.  Docket No. 39 at 27, ¶¶ 168-70.  The magistrate judge recommends dismissing plaintiff's sixth claim for lack of subject matter

jurisdiction.  Docket No. 78 at 10.  The magistrate judge found that Mr. Susinka cited no authority and the court's own inquiry failed to find any authority which "recognizes a Colorado duty of care for prison staff to monitor an inmate on hunger strike."  *Id*.  The magistrate judge found that the case law cited by plaintiff was not similar enough to the facts in this case to impose liability under the FTCA.  *Id*.

Mr. Susinka objects to this portion of the recommendation.  Docket No. 81 at 1-4. Mr. Susinka argues that Colorado law recognizes a duty of care in nonfeasance cases where the parties are involved in a "special relationship."  *Id*. at 2.  Mr. Susinka cites *Uhlrig v. Harder*, 64 F.3d 567, 572 (10th Cir. 1995), which he says recognized that a special relationship exists between prison officials and prisoners.  *Id*.  He also cites *Ulibarri v. City & Cnty. of Denver*, 742 F. Supp. 2d 1192, 1125-26 (D. Colo. 2010), as recognizing that "jailers maintain a general duty to supervise" prisoners.  *Id*. at 3-4. Based on the holdings in *Uhlrig* and *Ulibarri*, Mr. Susinka argues that the special relationship doctrine creates a duty sufficient to support his negligence claim under the FTCA.  *Id*. at 4.  The Court reviews the magistrate judge's conclusion that there is no subject matter jurisdiction for the sixth claim de novo because Mr. Susinka's objection is timely and specific.  *See* Fed. R. Civ. P. 72(b)(3)*; One Parcel*, 73 F.3d at 1059.

The doctrine of sovereign immunity shields the federal government from suit, absent a waiver.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  The FTCA is the "exclusive remedy for tort actions against the federal government, its agencies, and employees" and is a limited waiver of the federal government's sovereign immunity from private suit.  *See Wexler v. Merit Sys. Protection Bd*., 986 F.2d 1432 (10th Cir. 1993)

4

(table); 28 U.S.C. § 2674 ("[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances.").  Under the FTCA, the government is liable

> for injury. . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  Here, the alleged omission occurred in Florence, Colorado, *see* Docket No. 39 at 8, ¶ 3, and therefore the Court applies Colorado law.  Mr. Susinka "bears the burden of proof to establish that the court possesses subject-matter jurisdiction based upon analogous [Colorado] private liability."  *See Pappas v. United States*, 617 F. App'x 879, 882 (10th Cir. 2015) (unpublished).

The amended complaint states that, on October 5, 2019, Mr. Susinka "began refusing all meals, declared a hunger strike, and requested to be isolated."  Docket No. 39 at 16, ¶ 82.  Mr. Susinka alleges that he told several correctional officers that he was on a hunger strike, but his hunger strike was not documented until October 8, 2019 when he went to the medical office due to dizziness.  *Id.* at 16-17, ¶¶ 83-85.  BOP staff falsely reported that Mr. Susinka was eating.  *Id.* at 17, ¶¶ 86, 93.  The BOP did not begin to monitor the hunger strike until October 15, 2019.  *Id.*, ¶¶ 91-92.

The Court finds that Mr. Susinka has failed to demonstrate that similar conduct by a private person would constitute negligence under Colorado law.  The magistrate judge properly concluded that the cases cited by Mr. Susinka are not factually similar to this case to impose liability.  *See* Docket No. 78 at 10.  *Ulibarri* found that a prison owes

a duty to take reasonable care to prevent an inmate from committing suicide.  *Ulibarri*,
742 F. Supp. 2d at 1226.  *Uhlrig* merely noted that a special relationship exists between
a prisoner and the state.  *Uhlrig*, 64 F.3d at 572.  Neither case addressed a prison's
duty of care when a prisoner initiates a hunger strike.  Mr. Susinka has failed to prove
that the Court has subject matter jurisdiction to consider this FTCA claim.  *See Pappas*,
617 F. App'x at 882.  The Court accordingly overrules Mr. Susinka's objection and
accepts the magistrate judge's recommendation to dismiss the sixth claim for lack of
jurisdiction.

## B. <u>Claim 12</u>

Mr. Susinka's twelfth claim arises under the FTCA and alleges "negligent
prolonged confinement in [the] SHU."  Docket No. 39 at 30.  Mr. Susinka alleges that
the government negligently prolonged his solitary confinement in the SHU from July 3,
2019 to October 20, 2020.  *Id*., ¶ 190.  The magistrate judge recommends dismissing
the twelfth claim for lack of subject matter jurisdiction because the discretionary function
exception applies to decisions about the length of SHU confinement.  Docket No. 78 at
13-15.  The magistrate judge concludes that plaintiff failed to allege any "policy,
regulation, or statute that sets an upward limit to the amount of time an inmate may be
confined in a SHU" and "the decision to continue to hold an inmate in a SHU, though
reviewed periodically, remains within the discretion of BOP staff."  *Id*. at 13.  The
magistrate judge additionally found that housing assignments are of "the kind that the
discretionary function exception was designed to shield."  *Id*. at 14.

Mr. Susinka objects to the magistrate judge's conclusion that SHU decisions are discretionary.  Docket No. 81 at 4-6.  Mr. Susinka argues that BOP policy mandates that the SHU Review Committee loses jurisdiction to continue to confine prisoners in the SHU after 90 days.  *Id*. at 5.  Mr. Susinka asserts that "federal regulations, BOP Policy, and the 2016 Department of Justice Report explicitly state, 'the Bureau REQUIRES that any inmate held in [administrative detention] status for more than 90 days MUST either be transferred to a new facility or returned to the general population.'"  *Id*. (citing BOP Program Statement 5270.11; 28 C.F.R. § 541.23(c)(4); a 2016 Department of Justice Report[2]).  Mr. Susinka claims that this mandatory directive requires the release of prisoners from the SHU after 90 days and asserts that the mandatory directive is also recognized in 18 U.S.C. § 4042 and a 2016 Memorandum issued by President Barack Obama entitled "Limiting the Use of Restrictive Housing."  *Id*. at 6.  The Court reviews the magistrate judge's conclusion that the discretionary exception function applies de novo because Mr. Susinka's objection is timely and specific.  *See* Fed. R. Civ. P. 72(b)(3)*; One Parcel*, 73 F.3d at 1059.

The FTCA contains several exceptions to its waiver of sovereign immunity, including claims based on discretionary acts or omissions of government employees.

---

[2] In his response to the motion to dismiss and his objection, Mr. Susinka did not provide the full title of the 2016 Department of Justice Report, did not provide a hyperlink to report, and did not attach a copy of the report.  *See generally* Docket Nos. 63, 81.  The Court presumes that Mr. Susinka's citation to the "2016 Department of Justice Report" refers to the U.S. Department of Justice Report and Recommendations Concerning the Use of Restrictive Housing (Jan. 2016), available at www.justice.gov/archives/dag/file/815551/download.  If Mr. Susinka is referring to a different report, the Court rejects this argument because Mr. Susinka has failed to identify the policy with sufficient specificity.

*See* 28 U.S.C. § 2680(a).  The discretionary function exception states that the FTCA shall not apply to claims

> based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

*Id*.  If the discretionary function exception applies, the district court lacks subject matter jurisdiction.  *Garcia v. U.S. Air Force*, 533 F.3d 1170, 1175-76 (10th Cir. 2008).  To determine whether conduct falls within the discretionary function exception, the Court applies the two-part test set forth by the Supreme Court in *Berkovitz v. United States*, 486 U.S. 531, 536 (1988).  *Id*. at 1176.  First, the Court considers whether the conduct was "discretionary," meaning whether it was "a matter of judgment or choice for the acting employee."  *Id*.  "Conduct is not discretionary if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow."  *Id*. (internal quotations omitted).  Second, if the conduct involves discretion, the Court considers whether the challenged action "is one requiring the exercise of judgment based on considerations of public policy."  *Id*.  If both elements of the *Berkovitz* test are met, the discretionary function exception applies.  *Id*.

Mr. Susinka's objection only challenges the first prong of the *Berkovitz* test, whether the decision to confine him in the SHU for a prolonged period was discretionary.  *See* Docket No. 81 at 4-6.  The Court finds that the magistrate judge properly concluded that the decision to continue holding an inmate in the SHU is a discretionary act.  *See* Docket No. 78 at 13-14.  The BOP Program Statement 5270.11

states that "staff ordinarily, within 90 days of an inmate's placement in post-disciplinary detention, must either return the inmate to the general inmate population or request a transfer of the inmate to a more suitable institution."  Docket No. 44-3 at 6.  However, the policy explicitly allows BOP to keep an inmate in the SHU for longer than 90 days if the "inmate is not appropriate for return to general population or immediate transfer."  *Id*. at 7.  The regional director must submit a recommendation for detention in excess of 90 days.  *Id*.  The policy states that "[i]nmates will remain in SHU for no longer than necessary to address the specific reason for placement."  *Id*.  The BOP Program Statement does not mandate that all inmates be released after 90 days, but rather affords discretion to the BOP in deciding when to release an inmate from the SHU if the inmate cannot return to the general population or be immediately transferred.  *See id*. at 6-7; *see also Barone v. United States*, 2014 WL 4467780, at *12 (S.D.N.Y. Sept. 10, 2014) ("In general, courts have deemed the federal government immune with respect to claims challenging the decision of whether and when to return an inmate from the SHU to the prison's general population.")

Furthermore, the 2016 Department of Justice Report reiterates the discretionary process in the BOP Program Statement.  *See* U.S. Department of Justice Report and Recommendations Concerning the Use of Restrictive Housing, 25 (Jan. 2016), available at www.justice.gov/archives/dag/file/815551/download ("Generally speaking, the Bureau requires that any inmate held in post-disciplinary [administrative detention] status for more than 90 days must either be transferred to a new facility or returned to the general

population, except in extenuating circumstances.  After 90 days, the Regional Director who oversees the institution assumes responsibility for the ongoing SHU placement.").

Additionally, Mr. Susinka's citation to 28 C.F.R. § 541.23(c)(4) does not support his argument that inmates must be released from the SHU after 90 days because this provision merely provides the definition of "post-disciplinary detention" and does not specifically prescribe a course of action for the BOP.  *See* Docket No. 81 at 5; 28 C.F.R. § 541.23(c)(4).  Likewise, Mr. Susinka's citations to 18 U.S.C. § 4042 and the 2016 Memorandum do not support his argument because neither discuss a time limit for releasing inmates from the SHU.  *See* Docket No. 81 at 5; *see generally* 18 U.S.C. § 4042; Presidential Memorandum – Limiting the Use of Restrictive Housing by the Federal Government (March 1, 2016), available at https://obamawhitehouse.archives.gov/the-press-office/2016/03/01/presidential-memorandum-limiting-use-restrictive-housing-federal.

None of the statutes, regulations, or policies cited by Mr. Susinka specifically prescribe a mandatory course of action requiring the BOP to release all inmates from the SHU after 90 days.  *See Garcia*, 533 F.3d at 1177.  Accordingly, the magistrate judge properly concluded that the discretionary function exception applies to the BOP's decision to confine Mr. Susinka in the SHU for a prolonged period.  *See id*.  The Court overrules Mr. Susinka's objection and accepts the magistrate judge's recommendation to dismiss the twelfth claim for lack of jurisdiction.

### C. __Claim 1__

Mr. Susinka's first claim alleges excessive force in violation of the Eighth Amendment against Officers Trujillo and Wilcox.  Docket No. 39 at 25, ¶¶ 146-48.  The magistrate judge recommends dismissing claim one because there is no basis to expand *Bivens* to Mr. Susinka's excessive force claim.  Docket No. 78 at 18.  The magistrate judge concludes that Mr. Susinka's claim for excessive force presents a "new context" for such a remedy and that Congress has already provided damages for this claim through the BOP's Administrative Remedy Program ("Program").  *Id*. at 15-18.

Mr. Susinka raises two objections to this portion of the recommendation.  Docket No. 81 at 6-11.  First, Mr. Susinka argues that the Program is not a "per se sufficient remedy" because it is not always "available."  *Id*. at 7.  He argues that other district courts have denied the Program as an alternative remedy due to its "unavailability."  *Id*. at 8 (citing *Turkmen v. Ashcroft*, 2018 WL 4026734 (E.D.N.Y. Aug. 13, 2018); *White v. Hess*, 2020 WL 1536379 (E.D.N.Y. March 31, 2020); *Jerra v. United States*, 2018 WL 1605563 (C.D. Cal. March 29, 2018)).  Second, Mr. Susinka argues that the Program does not offer "adequate redress or monetary damages."  *Id*. at 11.  Mr. Susinka states that he requested preservation of the video of the incident, yet the video was not preserved through the Program.  *Id*.  The Court reviews the magistrate judge's conclusion that there is no *Bivens* remedy de novo because Mr. Susinka's objections are timely and specific.  *See* Fed. R. Civ. P. 72(b)(3)*; One Parcel*, 73 F.3d at 1059.

The Court finds that the magistrate judge properly concluded that there is no *Bivens* remedy available in this case.  The Court conducts a two-part inquiry to

determine whether a *Bivens* remedy exists.  First, the Court asks "whether the case presents a new *Bivens* context—*i.e.*, is it meaningfully different from the three cases in which the [Supreme] Court has implied a damages action."  *Egbert v. Boule,* 142 S. Ct. 1793, 1803 (2022) (internal quotations omitted) (citing *Ziglar v. Abbasi*, 582 U.S. 120, 139 (2017)).[3]  Second, "if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'"  *Id.* (citation omitted).  "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy."  *Id*. (citation omitted).  *Egbert* stated that this two-step inquiry "often resolve[s] to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy."  *Id*.  *Egbert* noted that recognizing a cause of action under *Bivens* is "a disfavored judicial activity."  *Id*. (citing *Ziglar*, 137 S. Ct. at 1857); *see also Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) ("[W]e are left in no doubt that expanding *Bivens* is not just 'a disfavored judicial activity'. . . it is an action that is impermissible in virtually all circumstances.").  The Tenth Circuit in *Silva* emphasized that the "the key takeaway from *Egbert* [is] that courts may dispose of

---

[3] The Supreme Court has recognized a cause of action under *Bivens* in three cases.  *Id.* at 1802.  In *Bivens*, the Court recognized a cause of action under the Fourth Amendment when federal agents conducted a warrantless entry and search of a home without probable cause.  *Bivens*, 403 U.S. at 396-97.  In *Davis v. Passman*, 442 U.S. 228, 242-49 (1979), the Court extended *Bivens* to a claim by a former congressional aid against her former employer for sex discrimination in violation of the Fifth Amendment's Due Process Clause.  Finally, in *Carlson v. Green*, 446 U.S. 14, 17-25 (1980), the Court extended *Bivens* to allow a prisoner to bring suit against a prison official who was deliberately indifferent to his medical needs in violation of the Eighth Amendment's Cruel and Unusual Punishments Clause.

*Bivens* claims for 'two independent reasons: Congress is better positioned to create remedies in the [context considered by the court], and the Government already has provided alternative remedies that protect plaintiffs.'"  *Silva*, 45 F.4th at 1141.

The magistrate judge found that this claim, concerning the beating of a prisoner, arises in a "new context" from the three previous cases recognizing *Bivens* claims. Docket No. 78 at 16.  Mr. Susinka does not dispute that his excessive force claim constitutes a new context.  *See generally* Docket No. 81.  The Court agrees that Mr. Susinka's claim for excessive force arises in a new context from *Bivens*, *Passman*, and *Carlson*.  *See Silva*, 45 F.4th at 1137 (holding that an excessive force claim against a prison guard "clearly constitutes an expansion of *Bivens* because '[a] claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized.'" (quoting *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020))).

The magistrate judge also correctly found that the government has already provided alternative remedies for Mr. Susinka's excessive force claim, including the Program.  *See* Docket No. 78 at 17-18.  The Tenth Circuit in *Silva* specifically held that the "availability of the BOP's Administrative Remedy Program offers an independently sufficient ground to foreclose [a] *Bivens* claim."  45 F.4th at 1141.  Mr. Susinka argues that other courts have rejected the Program as an alternative remedy due to its "unavailability;" however, Mr. Susinka fails to explain how the BOP Administrative Remedy Program was "unavailable" to him.  *See* Docket No. 81 at 7-9.  Mr. Susinka does not allege any facts suggesting that he did not have access to the Program.  *See*

*generally id*.  Accordingly, the Court overrules Mr. Susinka's first objection.  *See Silva*, 45 F.4th at 1141.  Furthermore, Mr. Susinka's second objection is foreclosed by the Supreme Court's decision in *Egbert*.  In *Egbert,* the Supreme Court held that

> the question whether a given remedy is *adequate is a legislative determination that must be left to Congress, not the federal courts*.  So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy.  That is true even if a court independently concludes that the Government's procedures are "not as effective as an individual damages remedy."

142 S. Ct. at 1807 (emphasis added; citation omitted).  The Court accordingly rejects Mr. Susinka argument that the Program is not adequate because it fails to offer adequate redress, monetary damages, or preserve evidence.  *See id*.  The availability of the Program to Mr. Susinka forecloses his excessive force claim.  *See Silva*, 45 F.4th at 1141.  As a result, the Court overrules Mr. Susinka's objections and accepts the magistrate judge's recommendation to dismiss the first claim.

### D.  Claim 7

 Mr. Susinka's seventh claim alleges deliberate indifference to his medical needs in violation of the Eighth Amendment against Officer Trujillo.  Docket No. 39 at 27, ¶¶ 171-75.  The magistrate judge recommends granting defendants' motion for partial summary judgment on the seventh claim, finding that Mr. Susinka failed to exhaust his administrative remedies.  Docket No. 78 at 18-19.  The magistrate judge found that, "[u]nder the BOP's Administrative Remedy Program, Plaintiff is required to engage with three formal levels of review by first filing a BP-9, then a BP-10, and finally a BP-11 to exhaust his administrative remedies."  *Id*. at 18.  The magistrate judge states that Mr.

Susinka alleges he filed the BP-9 and BP-10 forms, but never argues that he filed the BP-11 form for the seventh claim. *Id*. (citing Docket No. 63 at 107-10).

Mr. Susinka objects to this portion of the recommendation on two grounds. Docket No. 81 at 11-16. First, Mr. Susinka argues that his administrative remedies were "unavailable" because the BOP failed to respond to his BP-8 and BP-9 forms. *Id*. at 14. Mr. Susinka argues that the "failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable." *Id*. at 12 (quoting *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)). Second, Mr. Susinka argues that his administrative remedies were "unavailable" because staff at the Florence facility "inappropriately manipulated the process." *Id*. at 14, 16. The Court reviews the magistrate judge's finding that plaintiff failed to properly exhaust the seventh claim de novo because Mr. Susinka's objections are timely and specific. *See* Fed. R. Civ. P. 72(b)(3)*; One Parcel*, 73 F.3d at 1059.[4]

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions. . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner must exhaust "available" administrative remedies, but is not required to exhaust "unavailable" remedies. *Ross v. Blake*, 578 U.S. 632, 642

---

[4] The defendants assert that Mr. Susinka "argues for the first time in his Objections that the administrative remedy process was 'manipulated' by the BOP and therefore 'unavailable.'" Docket No. 82 at 13. The Court finds that Mr. Susinka did raise this issue in his response to the motion for summary judgment, *see* Docket No. 63 at 108-09, and therefore Mr. Susinka did not waive the issue. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

(2016).  An administrative remedy, though officially on the books, is unavailable when (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," (2) it is "so opaque that it becomes, practically speaking, incapable of use," and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Id*. at 643-44.  The defendant bears the burden of proving that the plaintiff failed to exhaust his administrative remedies, yet "the onus falls on the plaintiff to show that remedies were unavailable to him."  *May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019).

The Program's grievance process is set forth at 28 C.F.R. §§ 542.10-18.  First, a prisoner normally must present his complaint informally to prison staff, using a BP-8 form.  *See* 28 C.F.R. § 542.13(a); *Gifford v. Jackson,* No. 20-cv-02418-RMR-NYW, 2021 WL 5067485, at *5 (D. Colo. July 22, 2021) (discussing how the informal complaint is commonly called a BP-8 form).  If the informal complaint does not resolve the dispute, the prisoner may submit a formal written "Administrative Remedy Request" to the prison using the BP-9 form.  28 C.F.R. § 542.14(a).  The informal complaint and the BP-9 must be submitted within twenty calendar days of the incident.  *Id*.  If the prisoner is not satisfied with the warden's response to the BP-9, he may appeal to the regional director within twenty calendar days of the warden's response, using the BP-10 form.  28 C.F.R. § 542.15(a).  If the prisoner is not satisfied with the regional director's response, he can appeal to the BOP's general counsel within thirty calendar days of the regional director's response, using the BP-11 form.  *Id*.

16

Mr. Susinka's first objection argues that his administrative remedies were unavailable because the BOP failed to respond to his BP-8 and BP-9 forms.  *See* Docket No. 81 at 14.[5]  The regulations state, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.  As the magistrate judge noted, it is undisputed that Mr. Susinka did not file a BP-11 form for his seventh claim.  Docket No. 78 at 18.  The BOP's alleged lack of response to his BP-8 and BP-9 forms does not render the grievance process unavailable because under the regulations, Mr. Susinka can consider the absence of a response to be a denial at that level.  *See* 28 C.F.R. § 542.18; *see also Koehn v. Denham*, No. 17-cv-00234-RM-KMT, 2018 WL 10247014, at *3 (D. Colo. Jan. 29, 2018) (recommending that BOP's alleged failure to respond to plaintiff's BP-8 and BP-9 forms did not excuse plaintiff's failure to exhaust because 28 C.F.R. § 542.18 allows the plaintiff to deem his grievance form denied absent a timely response), *report and recommendation adopted*, 2018 WL 10247015 (D. Colo. Mar. 8, 2018); *Jernigan*, 304 F.3d at 1032-33 (rejecting plaintiff's argument that he was excused from exhausting administrative remedies because he never received a response to his grievance where the regulations permitted him to proceed with the administrative remedy process after not receiving a response); *Smith*

---

[5] In this objection, Mr. Susinka appears to misconstrue the magistrate judge's recommendation.  Mr. Susinka states that the magistrate judge's recommendation held that plaintiff failed to exhaust his administrative remedies "because his BP-10 was never formally received and filed in the BOP Regional Office."  *Id*. at 11-12.  However, this statement does not appear anywhere in the magistrate judge's recommendation.  *See generally* Docket No. 78.  In fact, the magistrate judge acknowledges that Mr. Susinka alleges that he filed a BP-10 form.  *Id*. at 18.  However, the magistrate judge recommends granting the motion for summary judgment because Mr. Susinka never contends that he filed the BP-11 form.  *Id*.

*v. Beck*, 165 F. App'x 681, 685 (10th Cir. 2006) (unpublished) (holding that prison officials' alleged failure to respond did not excuse plaintiff's failure to exhaust administrative remedies because the policies allow prisoners "to appeal within the prison system even if they do not receive responses to their [r]equests to [s]taff or their grievances."). Accordingly, the Court overrules Mr. Susinka's first objection.

Mr. Susinka's second objection appears to argue that the grievance procedure was unavailable to him because of the third exception in *Ross*. *See* Docket No. 81 at 14-16. Mr. Susinka argues that he mailed multiple BP-10s that were not filed, that the Florence facility "maintains complete control over outgoing mail," and that "Florence staff inappropriately manipulated the process." *Id*. at 15-16. To defeat defendants' motion for summary judgment under the third *Ross* exception, Mr. Susinka "must produce specific facts that show there is a genuine issue of fact as to whether (1) the threat, machination, or intimidation actually did deter him from lodging a grievance and (2) the threat, machination, or intimidation would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance." *See Segovia*, 929 F.3d at 1235 (internal quotation marks, alterations, and citation omitted). Mr. Susinka makes a conclusory statement that the Florence staff "manipulated the process," but he fails to provide any facts demonstrating that he was deterred from filing a grievance or that another reasonable inmate would be deterred under similar circumstances. *See* Docket No. 81 at 14-16. Mr. Susinka has not raised a genuine issue of disputed fact as to either prong. *See Segovia*, 929 F.3d at 1235. Accordingly, the Court overrules Mr. Susinka's second objection. The magistrate judge properly concluded that Mr. Susinka

failed to exhaust his administrative remedies for the seventh claim.  As a result, the

Court accepts the magistrate judge's recommendation that defendants are entitled to

summary judgment on Mr. Susinka's seventh claim.

### E.  <u>Non-Objected to Portions of the Recommendation</u>

The magistrate judge recommends denying the portion of defendants' motion

seeking to dismiss the FTCA claims for negligent infliction of emotional distress (claim

13), assault and battery (claim 2), malicious prosecution (claim 3), and negligence in

providing medical attention (claim 8) because Mr. Susinka properly pleaded plausible

facts on these claims to survive the motion to dismiss.  Docket No. 78 at 12, 19-23.  The

magistrate judge recommends dismissing Mr. Susinka's FTCA claims for negligent cell

placement (claim 10) and negligent infliction of emotional distress related to his cell

placement (claim 11) because the discretionary function exception applies and the

Court accordingly lacks subject matter jurisdiction.  *Id*. at 14-15.  The magistrate judge

recommends dismissing the FTCA claims for abuse of process (claim 4) and negligent

cell conditions (claim 9) for failure to state a claim.  *Id*. at 21-23.  Finally, the magistrate

judge recommends dismissing the APA claim (claim 14) for lack of jurisdiction and the

First Amendment claim (claim 5) for lack of a *Bivens* remedy.  *Id*. at 15, 18.  Neither

party objected to these portions of the recommendation.  *See generally* Docket No. 81.

The magistrate judge recommends dismissing Mr. Susinka's first, fourth, fifth,

sixth, ninth, tenth, eleventh, twelfth, and fourteenth claims with prejudice, *id*. at 24, and

recommends dismissing his seventh claim without prejudice.  *Id*. at 19.  Neither party

objected to the magistrate judge's recommendation on dismissal with or without prejudice.  *See generally* Docket No. 81.

The Court has reviewed the non-objected to portions of the recommendation to satisfy itself that there is "no clear error on the face of the record."  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

**IV. CONCLUSION**

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 78] is **ACCEPTED**.  It is further

**ORDERED** that Plaintiff's Objection to Magistrate's Recommendation [Docket No. 81] is **OVERRULED**.  It is further

**ORDERED** that Defendants' Motion for Partial Summary Judgment [Docket No. 45] is **GRANTED**.  It is further

**ORDERED** that Defendants' Motion to Dismiss Amended Complaint [Docket No. 44] is **GRANTED in part** and **DENIED in part**.  It is further

**ORDERED** that plaintiff's First, Fourth, Fifth, Sixth, Ninth, Tenth, Eleventh, Twelfth, and Fourteenth claims are dismissed with prejudice.  It is further

**ORDERED** that plaintiff's Seventh claim is dismissed without prejudice.  It is further

**ORDERED** that defendants A. Trujillo, J. Wilcox, and Federal Bureau of Prisons are terminated from this case.

DATED March 6, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge